# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust,<br><br>Plaintiff<br><br>v.<br><br>SATICOY BAY LLC SERIES 4109 LIBERAL, et al.,<br><br>Defendants | Case No.: 2:17-cv-02253-APG-NJK<br><br>**Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 31, 32] |

Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, sues to determine whether a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Harmony Homeowners Association, extinguished U.S. Bank's deed of trust encumbering property located at 4109 Liberal Court in North Las Vegas, Nevada. U.S. Bank also sues Harmony and its collection agent, Homeowner Association Services, Inc. (HAS), for damages if the deed of trust was extinguished. Harmony has cross-claimed against HAS in case U.S. Bank prevails on its damages claims against Harmony. Defendant Saticoy Bay LLC Series 4109 Liberal bought the property at the HOA foreclosure sale.

Saticoy moves for summary judgment, arguing that U.S. Bank cannot overcome the presumptive validity of Saticoy's record title. U.S. Bank opposes and moves for summary judgment, asserting the HOA foreclosure sale did not extinguish the deed of trust. Harmony opposes U.S. Bank's motion but does not move for summary judgment.

The parties are familiar with the facts, and I will not repeat them except where necessary. There is no basis to set aside the HOA sale. The due process argument on which U.S. Bank relies is issue-precluded and, in any event, the HOA foreclosure statutes do not violate U.S.

Bank's due process rights. There is no evidence the sale was affected by fraud, unfairness, or oppression. I therefore grant Saticoy's motion for summary judgment and deny U.S. Bank's motion on U.S. Bank's claims to quiet title and for declaratory relief. None of the parties has moved for judgment on U.S. Bank's tort claims, nor have they addressed U.S. Bank's and Harmony's claims against HAS. I therefore order the parties to file either a status report or a proposed joint pretrial order on the remaining claims.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Nevada Revised Statutes § 40.010 provides that an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."  This type of action "does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (en banc) (quotation omitted).

It is presumed that the HOA complied with Nevada Revised Statutes Chapter 116 in conducting the sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017).  U.S. Bank has presented no evidence to rebut that presumption.  A properly conducted HOA foreclosure sale extinguishes all junior interests, including a deed of trust. *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc) ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").  Saticoy is therefore entitled to summary judgment unless there is some basis to set aside the HOA foreclosure sale.

Saticoy is the title holder of record, and thus U.S. Bank bears the burden of establishing some basis to set aside the sale. *Nationstar Mortg., LLC*, 405 P.3d at 646.  U.S. Bank offers four possibilities: (1) Chapter 116 violates its due process rights under *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016); (2) Harmony's Covenants, Conditions, and Restrictions (CC&Rs) contain a mortgage protection clause; (3) the foreclosure notices included fees and costs not included in the superpriority lien; and (4) its predecessor tendered the superpriority amount.  None of these reasons supports setting aside the sale.

I have already ruled that U.S. Bank's due process argument is issue precluded. ECF No. 35 at 7. But even if it were not, the argument fails. *See U.S. Bank Nat'l Ass'n on behalf of GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v. Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 4604455, at *1-2 (D. Nev. Sept. 25, 2018).

As for the so-called mortgage protection clause, an HOA cannot waive its superpriority lien. *See RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."); *SFR Investments Pool 1*, 334 P.3d at 418-19. But even if it could, there is no genuine dispute that Harmony's CC&Rs do not waive the superpriority lien. Section 4.8 of the CC&Rs expressly and unambiguously preserves it. ECF No. 36-2 at 31 ("The lien is also prior to the first security interest described herein as (b) to the extent of the assessments for common expenses based on the periodic budget . . . which would have become due in the absence of acceleration during the six (6) months immediately preceding institution of an action to enforce the lien."). Moreover, the Supreme Court of Nevada has rejected U.S. Bank's argument that a mortgage protection clause in the CC&Rs could lead potential bidders at the foreclosure sale to assume the deed of trust would still encumber the property, thus depressing the bidding. *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 71839, 414 P.3d 812 (Nev. 2018) (unpublished) ("[W]e are not convinced that [the mortgage protection clause in the CC&Rs] dissuaded higher bidders. In particular, we must presume that any such bidders also were aware of NRS 116.1104."). And U.S. Bank has presented no evidence than any bidder was dissuaded based on the CC&Rs.

1       As for the inclusion of costs in the lien, U.S. Bank is issue precluded from asserting this is a basis for setting aside the sale. ECF No. 35 at 6. Even if it were not, the notices are sent to the homeowner and other junior lienholders, so "it was appropriate to state the total amount of the lien." *Id.* U.S. Bank relies on *Horizons at Seven Hills v. Ikon Holdings*, to argue the notices improperly included collection costs. However, *Ikon* held only that the superpriority lien "does not include an amount for collection fees and foreclosure costs incurred." 373 P.3d 66, 72 (Nev. 2016) (en banc). *Ikon* did not hold that the notices are defective or unfair if they include collection costs or other fees in the subpriority portion of the lien.

      Finally, U.S. Bank mentions tender but provides no evidence to show that its predecessor, Metlife Home Loans, tendered the superpriority amount. It therefore has not met its initial burden on its motion for summary judgment. Further, the evidence attached to the complaint and provided by Saticoy shows that Metlife tendered payment for the HOA's lien triggered by a March 2011 notice of lien. But after Metlife paid off that lien, the homeowner became delinquent on additional assessments, Harmony recorded a new notice of delinquent assessment lien in August 2012, and Metlife did not tender the superpriority amount to satisfy this second lien. ECF Nos. 1-5; 1-10; 39-2; 39-3; 39-4. This second lien is the one that resulted in the foreclosure sale. ECF No. 1-8 at 3. U.S. Bank therefore has not presented a genuine dispute that the second superpriority lien was satisfied through a tender. *See Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 731 (Nev. 2017) (holding that an HOA is "not limit[ed] . . . to one lien enforcement action or one superpriority lien per property forever").

      U.S. Bank has not presented evidence raising a genuine dispute on any basis to set aside the HOA foreclosure sale. I therefore deny U.S. Bank's motion and grant Saticoy's motion for

summary judgment on U.S. Bank's quiet title and declaratory relief claims in counts 1 through 3 of the complaint.

No one moved for summary judgment on U.S. Bank's other claims. And the status of U.S. Bank's claims and Harmony's cross-claims against HAS remains unresolved. I therefore direct the parties to file either a joint status report regarding these claims or, if they intend to proceed to trial on these claims, a proposed joint pretrial order.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff U.S. Bank Trust, N.A.'s motion for summary judgment **(ECF No. 32) is DENIED**.

IT IS FURTHER ORDERED that defendant Saticoy Bay LLC Series 4109 Liberal's motion for summary judgment **(ECF No. 31) is GRANTED**.

IT IS FURTHER ORDERED that on or before March 29, 2019, the parties shall file either a joint status report on the remaining claims or, if they intent to proceed to trial on these claims, a proposed joint pretrial order.

DATED this 22nd day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE